## Case No. 13,148.

### SNOW v. TAYLOR.

[4 Ban. & A. 5;[1] 14 O. G. 861.]

Circuit Court, D. Massachusetts. Oct. 9, 1878.

PATENTS—PAPER COLLARS—METHOD OF CUTTING —PATENTABLE INVENTION.

Letters patent No. 132,547, granted to George K. Snow, October 29th, 1872, for a method of cutting collars from sheets of paper, etc., the claim of which is for: "The method of cutting two or more series of collars, side by side, from a strip of paper, or other suitable material, in such a manner that the wide parts of the collar of one series shall come opposite to the narrow parts of the adjoining series, substantially as described," held, in view of the state of the art, not to describe a patentable invention.

[Cited in Walker v. Rawson, Case No. 17,-083.]

[This was a bill in equity by George K. Snow against Varnun N. Taylor for the infringement of letters patent No. 132,547, granted to complainant October 29, 1872.]

Chauncey Smith and William W. Swan, for complainant.

Edmund Wetmore and William A. Jenner, for defendant.

LOWELL, District Judge. This suit was brought for the infringement of two patents; but as to one of them no evidence was taken, and it is not now under consideration. Pat-

ent No. 132,547, which is the one in controversy was issued to the complainant in October, 1872. It states the saving of material which is obtained by cutting out collars in such a way as to bring the wide parts of one series opposite the narrow parts of the adjoining series, and gives several illustrative figures or patterns of collars cut in this mode from a strip of paper. The claim is for: "The method of cutting two or more series of collars, side by side, from a strip of paper, or other suitable material, in such a manner that the wide parts of the collar of one series shall come opposite to the narrow parts of the adjoining series, substantially as described."

That linen collars have been cut in this mode, by hand, long before the date of the invention is admitted. It is further a matter of common knowledge, and is mentioned by some of the witnesses, that, in various branches of manufacture, material has been cut in such a way as to bring the wide part of one article of the manufacture against the narrow part of the next, so as to save material. In this state of facts, it is clear that a patent for this mode of using material for collars is not patentable. See Milligan & H. Glue Co. v. Upton [Case No. 9,607], decided in this district, October, 1874, and the cases cited in the opinion of Clifford, J. That decision has lately been affirmed by the supreme court. See, also, case decided at the same term of this court, in which the appeal was not prosecuted, and the decree was affirmed. Needham v. Washburn [Id. 10,082]; and Brown v. Piper, 91 U. S. 37.

The complainant contends that his claim may be limited to collars cut from a strip precisely wide enough for two collars or two series of collars, and for cutting such a strip so that each edge of the strip shall form an edge of each collar. If such a limitation were adopted, we think the method described would only be a neat application of a well known operation—that is to say, the only improvement would be in cutting a strip of precisely the proper width for two collars, and would not be patentable. But the patentee, by his description, his drawings, and his claim, distinctly refuses to be thus limited. As he is not content with claiming whatever of machinery or other means he may have invented for cutting collars—and it is understood that he has patents for these—but attempts to monopolize a well known mode of cutting generally, independently of means, we must pronounce his patent void.

Bill dismissed with costs.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

SNOW (UNITED STATES v.). See Cases Nos. 16,349 and 16,350.

SNOW (WEED v.). See Case No. 17,347.